**Tony ZHONG, aka Ai Qiang Zhong, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–72000.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 2, 2014.

Tony Zhong, Monterey Park, CA, pro se.

Elizabeth Robyn Chapman, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Tony Zhong, a native and citizen of China, petitions pro se for review of the Board

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

of Immigration Appeals' order dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Garcia–Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir.2014), and we deny in part and dismiss in part the petition for review.

Zhong does not challenge the agency's dispositive determination that his asylum application was untimely. Thus, we deny the petition as to his asylum claim. *See* 8 U.S.C. § 1158(a)(2)(B).

Substantial evidence supports the agency's denial of withholding of removal because Zhong failed to establish a clear probability of future persecution if he returns to China. *See Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir.2010); *Jiang v. Holder*, 611 F.3d 1086, 1091–92 (9th Cir.2010).

Substantial evidence supports the agency's denial of CAT relief because Zhong failed to establish a clear probability that he would be tortured if he returns to China. *See Blandino–Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir.2013).

We lack jurisdiction to review Zhong's unexhausted due process claim. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir.2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

ed by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.